| United States District Court<br>District of Colorado<br>901 19th Street<br>Denver, CO 80294<br>(303) 844-3433 | *FILED*<br>*US DISTRICT COURT*<br>*DISTRICT OF COLORADO*<br><br>25 MAR -5 PM 1:37 |
|---|---|
| **Stephen Theodore Gladstone  - Plaintiff**<br>**vs.**<br>**Summit County, et al. - Defendants** | ▲ **COURT USE ONLY** ▲ |
| **Stephen Theodore Gladstone**<br>P.O. Box 6693<br>Breckenridge<br>Colorado 80424<br>Phone: (562) 716-0733 Fax: (866) 370-1513<br>Email: STGladstone@msn.com | **CIVIL ACTION NO:**<br><br>_____ |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

Plaintiff Stephen Theodore Gladstone brings this action against Summit County, the Town of Breckenridge, the Town of Frisco, and additional named defendants, for violations of his rights under 42 U.S.C. § 1983, as well as other legal claims.

## I. INTRODUCTION

1.  This case arises from an orchestrated and malicious campaign by law enforcement, the judiciary, therapists, and other state actors in Summit County, Colorado, who weaponized legal proceedings, false allegations, and court-ordered therapy to systematically strip Plaintiff of his parental rights, sabotage his home ownership, and destroy his reputation.

2.  At the center of this coordinated attack is the exploitation of a minor child, who has suffered irreparable psychological harm because of intentional obstruction of court orders, suppression of maternal abuse, forced separation from his father, and manipulative therapy tactics designed to justify false restrictions. State actors actively worked together to bury evidence, fabricate allegations, and obstruct Plaintiff's ability to protect his parental rights and property, all in retaliation for his whistleblowing on child trafficking and Covid-19.

3. Under the guise of judicial authority and professional discretion, Defendants engaged in a pattern of due process violations, suppression of exculpatory evidence, and overt discrimination to erase Plaintiff's role as a father. Law enforcement, in collusion with court-appointed professionals, not only failed to investigate domestic violence evidence and maternal child abuse against the mother but enabled her misconduct while redirecting blame onto Plaintiff/Father through perjury, biased evaluations, and unlawful legal maneuvers. The Defendants' actions constitute blatant violations of the First, Fourth, and Fourteenth Amendments, including:

   ➢ Unconstitutional deprivation of parental rights,

   ➢ Suppression of evidence and obstruction of justice,

   ➢ Targeted legal harassment through fraudulent real estate claims,

   ➢ Religious and viewpoint discrimination, to include life-threatening attacks.

   ➢ Entrapment and defamation through court-ordered coordinated therapy to undermine the father-son relationship and psychological manipulation of a minor child.

4. Plaintiff now seeks justice and relief under 42 U.S.C. § 1983, as Defendants, through intentional misconduct, state-backed collusion, and deliberate malice, have inflicted irreparable harm not only upon Plaintiff/Father but upon his innocent child, who remains a victim of their unconstitutional abuse of power.

## II. JURISDICTION AND VENUE

5. This action arises under 42 U.S.C. § 1983 to redress violations of the Plaintiff's constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction).

7. Venue is proper in the District of Colorado under 28 U.S.C. § 1391 because the events giving rise to this complaint occurred within this district, and all defendants reside or are employed within this jurisdiction.

## III. PARTIES - PLAINTIFF & DEFENDANTS

### A) Plaintiff

8. Plaintiff **Stephen Theodore Gladstone** is a resident of the State of Colorado and brings this action under 42 U.S.C. § 1983 for violations of his constitutional rights, including but not limited to due process violations, retaliation, collusion, bias motivated-hate crime, and deprivation of his parental rights without "***clear and convincing***" evidence or just cause.

### B) Defendants

9. **Defendants Summit County, Breckenridge, Frisco, and Their Agencies**

    Summit County, Breckenridge and Frisco are municipal entities organized under the laws of the State of Colorado and are responsible for the actions of their employees, including law enforcement officers, prosecutors, and court officials who acted under color of law.

### C) Summit County Sheriff's Office and SMART Officers

10. **Defendant Jamie Fitzsimons**, Summit County Sheriff, is responsible for the overall policies and actions of the Summit County Sheriff's Office and its deputies. Fitzsimons also has a clearly stated interest against the Plaintiff for his prolific whistleblowing.

11. **Defendant Michael Shilling**, a Sargent, orchestrated SMART harassment and SWAT intimidation, fabricated charges, perjured testimony in criminal and custody hearings, and coerced the child's mother to withhold the child to provoke Plaintiff/Father.

12. **Defendant Tech Joseph Scalise**, orchestrated SMART harassment and SWAT intimidation, fabricated charges, perjured testimony in criminal and custody hearings, and coerced and bribed the child's mother to withhold the child to provoke Plaintiff.

13. **Defendant Taylor Bohlender**, a SWAT team member, falsely accused Plaintiff of domestic violence on 5-9-2022, two days before officers spoke with the child's mother.

14. **Defendant Thad Hall** - Surveilling from private property, false arrest, and perjury.

15. **Defendant Lt. Daric Gutzwiller**, a SMART member, psychologically harassed Plaintiff in October 2020 after Plaintiff reported IHC child trafficking and Covid-19 concerns to the DA, (**Gutzwiller**) stated, "*Nobody's even looking at it.*"

16. **Defendant Andrew Brottman**, a SMART member, psychologically harassed Plaintiff on 5-9-2022 after Plaintiff reported attempted murder by fiberglass and arsenic, then later interrogated and gaslit Plaintiff in custody at Summit County Jail. He previously harassed Plaintiff in October 2020 after Plaintiff reported IHC child trafficking to the DA.

17. **Defendant Justin Pilodori**, a SMART member, psychologically harassed Plaintiff on 5-9-2022 after Plaintiff reported attempted murder by fiberglass and arsenic, then later gaslit Plaintiff in custody at Summit County Jail. Failed to investigate evidence received for mothers 8-18-2018 physical domestic violence on Plaintiff in front of his child.

18. **Defendant Spencer Davis**, a SMART member, psychologically harassed Plaintiff, refused to enforce court orders on 8-8-2024 when the child was unlawfully held against his will, and failed to investigate allegations of the child's emotional abuse.

**D) Breckenridge Police Department Officers**

19. **Defendant Jim Baird**, Chief of the Breckenridge Police Department, is responsible for the policies and supervision of officers involved in the unconstitutional actions alleged herein.

He failed to investigate Plaintiff's allegations of graphene in vaccines (2021), attempted murders and authorized SWAT intimidation of Plaintiff on 5-9-2022.

20. **Defendant Mathew Cullver**, a detective, led a SWAT team to intimidate Plaintiff at his home in 2012 after Plaintiff discussed IHC child trafficking at Adam's hair salon.

21. **Defendant Micole G. Sloan**, failed to investigate mother's 8-18-2028 physical domestic violence on Plaintiff in front of his child constituting child endangerment.

22. **Defendant Skyla Atkins**, refused to enforce court orders on 8-8-2024 when the child was unlawfully held against his will, and failed to investigate allegations of the child's emotional abuse.

23. **Defendant Chris Dearth**, refused to enforce court orders on 8-8-2024 when the child was unlawfully held against his will, and failed to investigate allegations of the child's emotional abuse.

24. **Defendant Carlos Chavez**, refused to enforce court orders on 8-22-2024 when the child was unlawfully held against his will.

**E) Frisco Police Department Officers**

25. **Defendant Tom Wickman**, Chief of the Frisco Police Department, is responsible for the policies and supervision of officers. He failed to investigate Plaintiff's allegations regarding graphene in vaccines, attempted murders, and refused to file a complaint against Frisco Bay Marina after 8-25-2021 bias-motivated attack on Plaintiff and his child.

26. **Defendant Brandon Vail**, a Sargent, he failed to investigate Plaintiff's allegations regarding graphene in vaccines, attempted murders, and refused to file a complaint against Frisco Bay Marina after 8-25-2021 bias-motivated attack on Plaintiff and his child.

**F) Frisco Bay Marina**

27. **Defendant Jen Shimp**, Manager of Frisco Bay Marina, engaged in discrimination against Plaintiff, including price gouging, sinking his boat, and participating in the bias-motivated attack on Plaintiff and his 6-year-old child at FBM on 8-25-2021.

28. **Defendant Tom Hogeman**, an employee of Frisco Bay Marina, engaged in discrimination against Plaintiff including mechanic fraud and sinking boat.

## G) Summit County District Attorneys

29. **Defendant Bruce Brown**, District Attorney, failed to investigate, tampered, and destroyed IHC child trafficking and Covid-19 evidence received in October 2020, initiated SMART harassment of Plaintiff, and engaged in prosecutorial misconduct, including withholding exculpatory evidence.

30. **Defendant Lisa Hunt**, Assistant District Attorney, failed to investigate, tampered and destroyed IHC child trafficking and Covid-19 evidence received October 2020, initiated SMART harassment of Plaintiff.

31. **Defendant Stephanie Cava**, Assistant District Attorney, perjured regarding IHC child trafficking and Covid-19 evidence, and engaged in prosecutorial misconduct, including withholding exculpatory evidence received October 2020, filing false charges, and attempting to censor Plaintiff through a competency evaluation.

32. **Defendant Heidi McCollum**, head District Attorney, failed to investigate, tampered, destroyed, and perjured regarding IHC child trafficking and Covid-19 evidence, and engaged in prosecutorial misconduct, including withholding exculpatory evidence, filing false charges, and attempting to censor Plaintiff through a competency evaluation.

## H) Clear Creek County District Attorney

33. **Defendant Steve Potts**, Chief Deputy District Attorney, engaged in prosecutorial misconduct, including withholding exculpatory evidence, prosecuting false charges, and coercing Plaintiff into a domestic violence plea absent a valid threat or intent to harm.

**I) 5th Judicial District Court Officials**

34. **Defendant Judge Reed Owens**, Defendant Judge Reed Owens, a judicial officer of the 5th Judicial District, acted outside the scope of judicial immunity by engaging in unconstitutional actions, including bias, abuse of discretion, suppression of maternal abuse, failure to enforce court orders, arbitrary denials, disruptive court actions, tampering, perjury, weaponizing therapy, imposing unlawful parental restrictions, complicity in therapeutic misconduct, and collusion with the CLR, all causing irreparable harm to the father-son relationship and the child's psychological and physical health.

35. **Defendant Judge Karen Ann Romeo**, Defendant Judge Karen Ann Romeo, a judicial officer of the 5th Judicial District, acted outside the scope of judicial immunity by withholding exculpatory evidence, denying Plaintiff a probable cause hearing, blocking a motions hearing, sequestering the court from media exposure, concealing law enforcement misconduct, and denying Plaintiff's Motion to Dismiss for Malicious Prosecution as a tort to avoid addressing constitutional violations. Judge Romeo further engaged in judicial misconduct by ordering a competency evaluation as a retaliatory measure to censor Plaintiff, disparaging him after the evaluation found no mental impairment, and unlawfully removing Plaintiff's child absent due process by falsely designating the child as a witness to justify parental deprivation. Romeo also coerced Plaintiff into a domestic violence plea despite the absence of evidence establishing a valid threat or intent to harm. On February 27, 2025, Judge Romeo attempted to circumvent Plaintiff's jury trial rights in his unjust

enrichment claim by prioritizing a fraudulent partition action, despite evidence that the mother fraudulently acquired ownership. This deliberate maneuver appears intended to facilitate property fraud, deprive Plaintiff of a fair trial, and force him out of Breckenridge, as well as hide extensive 5th District Court misconduct from a jury and the public. During the hearing, Romeo openly disparaged Plaintiff for being pro se, dismissing his legal arguments outright, and undermined his defense to justify advancing an improper legal process. Plaintiff is pursuing a recusal motion and change of venue, along with an appeal and separate Motion for Preliminary Injunction with this Federal court, to challenge this ongoing judicial misconduct and due process violations by Judge Romeo.

36. **Defendant Heidi Hershberger,** a 5th Judicial District clerk, tainted the appeal record to bias Plaintiff by stacking half the record against him, omitting key filings, delaying transmission and transcripts, and acting in concert to file disruptive court actions before Plaintiff's parenting time. Additionally, Defendant provided incorrect information, stating a hearing was on Webex when it was in person.

## J) Data Engineering, LLC

37. **Defendant Civil Communicator,** colluded with the 5th District Court and tampered with Plaintiff's communications with the child's mother to obstruct court-ordered visitation.

## K) Agape Outpost (Church)

38. **Defendant Mike Atkinson,** Pastor of Agape Outpost, orchestrated a bias-motivated attack on Plaintiff and his child on 8-29-2021, colluded with the mother attempting to fabricate charges against Plaintiff, and conspired with law enforcement to suppress the assault.

## L) Breckenridge Elementary – Summit School District

Case No. 1:25-cv-00717-RTG    Document 1    filed 03/05/25    USDC Colorado    pg 9
of 36
Gladstone v. Summit County et al.,    CIVIL RIGHTS COMPLAINT        Page 9 of 36

39. **Defendant Ann-Mari Westerhoff**, Principal of Breckenridge Elementary, orchestrated a coordinated effort with the CLR, mother, teachers, counselors, therapists, and parents to discriminate against Plaintiff and his child. Her actions, including perjury, interrogation, emotional manipulation of Plaintiff's minor child and obstruction of court orders. Her actions went far beyond providing a neutral and safe environment for learning.

40. **Defendant Susan Walace-Seman**, Counselor at Breckenridge Elementary, participated in a coordinated effort with the CLR, mother, teachers, and therapists to discriminate against Plaintiff and his child, including perjury, interrogation, emotional manipulation of Plaintiff's minor child, and obstruction of court orders.

41. **Defendant Britton Fossett**, Secretary at Breckenridge Elementary, participated in a coordinated effort with the CLR, mother, teachers, and therapists to discriminate against Plaintiff and his child, including perjury and emotional manipulation of Plaintiff's minor child, and obstruction of court orders.

42. **Defendant Megan Lachance (Parocha),** Counselor at Breckenridge Elementary, participated in a coordinated effort with the mother, teachers, and therapists to discriminate against Plaintiff and his child, including perjury, interrogation, emotional manipulation of Plaintiff's minor child.

43. **Defendant Leah Knickerhem**, Teacher at Breckenridge Elementary, participated in a coordinated effort with the mother, teachers, and therapists to discriminate against Plaintiff and his child, including perjury, and manipulation of Plaintiff's minor child.

44. **Defendant Sarah Butterworth LCSW**, Counselor at Breckenridge Elementary, participated in a coordinated effort with the mother, teachers, and therapists to discriminate

**9**

against Plaintiff and his child, including interrogation and emotional manipulation of Plaintiff's minor child.

## M) Building Hope

45. **Defendant Kellyn Ender**, Executive Director of Building Hope (BH), a county-funded therapeutic monopoly, refused to supervise recommended and funded therapists who intentionally undermined the father-son relationship, causing irreparable psychological and physical harm to the child. BH, with Sheriff Fitzsimons on its board, functions as an extension of the state, executing court-ordered mental health interventions and working with the Sheriff's SMART unit, which funnels individuals into mandated therapy. Ender scheduled, then backed out of, a Zoom conference intended to address SMART, maternal abuse, therapeutic bias, Summit County's high suicide rates, and low academic performance. This failure directly contributed to unchecked therapeutic misconduct, enabling Ciara McCoy and Jessica Courtney (Mile High) to suppress evidence of maternal abuse, trigger the child's age regression, and emotionally manipulate the child, resulting in severe harm to the child and total loss of Plaintiff's visitation rights.

## N) Summit County Attorney

46. **Defendant Jeffery Huntley**, Summit County Attorney, intervened after Summit County Commissioners **Josh Mamula**, **Tamara Pogue**, and **Elisabeth Lawrence-Waters**, who were first contacted by Plaintiff, sought legal cover to evade accountability instead of addressing systemic failures. (**Huntley**) blocked county commissioners and Building Hope from participating in a scheduled meeting intended to expose SMART misconduct, maternal abuse, and therapeutic bias. This obstruction enabled continued suppression of

Case No. 1:25-cv-00717-RTG    Document 1    filed 03/05/25    USDC Colorado    pg 11
of 36
Gladstone v. Summit County et al.,    CIVIL RIGHTS COMPLAINT    Page 11 of 36

maternal abuse evidence and allowed therapist (**McCoy**) to manipulate the child, directly causing psychological harm and leading to the loss of Plaintiff's visitation rights.

## O) Mile High Behavioral Health Care

47. **Defendant Jessica Courtney**, Supervisor at Mile High Behavioral Health (MHBHC), participated in a Zoom call with Plaintiff and father-son therapist (**McCoy**) to review maternal abuse and alienation. (**Courtney**) proposed and promised a trauma-informed ARCH therapy plan but later reneged, instead implementing a communication plan that enabled MHBHC to suppress evidence of maternal abuse. This directly facilitated (**McCoy's**) emotional manipulation of the child alongside the mother in a coordinated effort to falsely assign dysregulation to the father, leading to severe psychological harm to the child, and contributing to the total loss of Plaintiff's visitation rights.

48. **Defendant Ciara McCoy (Summit School District/Building Hope)**, Father-son therapist at Mile High Behavioral Health, was provided with the same USB evidence of maternal abuse that Plaintiff submitted to the CFI (**Beck**) and the court during their first two-hour meeting. In the first father-son therapy session, (**McCoy**) intentionally triggered the child's age regression while attempting to assign blame to Plaintiff. She later emotionally manipulated the child alongside the mother and attempted to coerce Plaintiff into a one-on-one session, which Dr. Rice prohibited due to concerns of unhealthy therapeutic environment and potential false accusations. (**McCoy**) colluded with the CLR (**Tarrin**) and perjured herself in court to force Plaintiff into unlawful, separate-room father-son therapy, creating conditions to entrap Plaintiff or fabricate a false mental health diagnosis.

## P) Summit Play Therapy

Case No. 1:25-cv-00717-RTG    Document 1    filed 03/05/25    USDC Colorado    pg 12
of 36
Gladstone v. Summit County et al.,    CIVIL RIGHTS COMPLAINT    Page 12 of 36

49. **Defendant Gemma Taylor, (Summit School District/Building Hope)** Child's Therapist at Summit Play Therapy, actively suppressed evidence of maternal abuse, endangerment, and alienation. Despite refusing to directly observe Plaintiff and his son together, **(Taylor)** harshly criticized their relationship and aggressively disparaged Plaintiff absent evidence. **(Taylor)** colluded with mother **(Wehner)** to emotionally manipulated the child to obstruct therapy and visitation, perjured herself in reports and in court, and knowingly undermined of the father-son bond. Plaintiff further asserts religious discrimination, as **(Taylor)**, along with council **(Rabin)**, CLR **(Tarrin)**, therapists **(Landrum)** and **(Mahler)**, as well as attempted murder/infanticide suspect **(Goldberg)** are all **(Jewish)**, raising concerns of coordinated bias-motivated hate-crime, civil conspiracy, and First Amendment violations.

## Q) Nurturing Wellness/Building Hope

50. **Defendant Laura Landrum (Building Hope)** father-son therapist actively suppressed evidence of maternal abuse and parental alienation. She directly participated in the emotional manipulation of the child, including on 8-8-2024, when she colluded with the mother **(Wehner)**, her boyfriend **(Canada)**, therapist **(Taylor)**, SMART, and law enforcement to obstruct therapy and visitation. This scheme attempted to entrap Plaintiff into a dangerous situation with the mother's hostile, openly satanic-affiliated boyfriend **(Canada)**. The child's calls and texts confirm he was unlawfully withheld against his will. After this scheme failed, **(Landrum)** attempted to force Plaintiff into a risky one-on-one session, which Dr. Rice prohibited. In violation of HIPAA, **(Landrum)** then wrote and distributed a scathing, libelous letter, falsely declaring Plaintiff mentally ill based on his beliefs and private therapeutic discussions. This resulted in the child's loss of overnight visitation, causing severe emotional harm, which soon manifested physically in a first-time

eczema outbreak. Despite these actions, in eight months of therapy, **(Landrum)** never once reported any dysregulated behavior of the child with his father, only a loving relationship. This further proves that the restrictions on Plaintiff's visitation were unfounded and retaliatory, causing intentional, lasting damage to the father-son relationship and child.

## R) Court-Appointed Officials

51. **Defendant Kristin Tarrin**, Court-Appointed Child Legal Representative (CLR), obstructed court-ordered visitation and therapy in coordination with the mother, school, and therapists. **(Tarrin)** unlawfully exceeded her role by adjudicating to quash subpoenas that would have exposed therapeutic malpractice and maternal abuse, and filed a motion to restrict Plaintiff's parental rights, committing perjury by falsely claiming Plaintiff strangled and threw his son in a chair. Before the judge ruled, **(Tarrin)** sent the motion to the school, constituting published libel damaging the Plaintiff's and his child's reputation.

52. **Defendant Ashleigh N. Beck**, Court-Appointed Child Family Investigator (CFI), engaged in bias by suppressing evidence of maternal abuse against the child and Plaintiff while disparaging Plaintiff for his beliefs. She included in her report a First Amendment violation, stating that if Plaintiff's social media or website reappeared, it would be grounds for restricted visitation. Despite directly observing a strong father-son bond, the child's stated desire for his four alternating overnights with his father, and Dr. Lawrence Ph.D.'s favorable mental health evaluation, CFI **(Beck)** ignored the child's desires and evidence, and unjustly recommended removal of all parental rights, harsh visitation restrictions and extensive unnecessary therapy absent evidence of harm to the child or parental unfitness.

## S) AAA Family Dental Center III PC

53. **Defendant Thomas Losacco DDS.,** in clandestine fraternal collusion with law enforcement, inserted a life-threatening dental implant that was later triggered while Plaintiff was in custody at Summit County jail, coinciding with the jail nurse questioning about the Plaintiff's pain. Plaintiff asserts this was attempted murder. Jail surveillance video of this incident, meth-poisoning and SMART gas-lighting remains withheld by DA.

## T) Summit Community Care Clinic

54. **Defendant Dr. Ellice Goldberg DO**, in 2015 rented a toxic condo to Plaintiff and his infant child, containing toxins, black mold and a hidden vent behind the refrigerator funneling carbon monoxide from the garage into the unit. When Plaintiff immediately suspected foul play, **(Goldberg)** refused to fix the hazards. The circumstances surrounding the condo's acquisition, professional toxicology company misconduct, and Summit County's failure to intervene further indicate intent to harm Plaintiff and his infant child.

## U) Estates Woodworking, LLC

55. **Defendant Todd Davis,** in 2010, rented Plaintiff a hazardous home containing intentional black mold and radon risk, displaying deliberate indifference to Plaintiff's health and safety. **(Davis)** instructed Plaintiff to keep a vent open to the basement, the source of radon. **(Davis)** knew the radon mitigation system was inoperative. Unaware of radon's presence or dangers, Plaintiff suffered harm, including the death of his animal due to exposure.

## V) U.S. Forest Service - Dillon Ranger Station

56. **Defendant - Sara Rouse & Ranger** (tlcfj45@gmail.com) on 7-18-2021 Plaintiff reported (40) 20ft. burn piles on Aspen Ally just 400 yards below his neighborhood that only has one road in and out. U.S. Forest Service confirmed they constructed these burn piles. Plaintiff remains concerned that after four years, the unaddressed burn piles below his

Case No. 1:25-cv-00717-RTG    Document 1    filed 03/05/25    USDC Colorado    pg 15
of 36
Gladstone v. Summit County et al.,    CIVIL RIGHTS COMPLAINT    Page 15 of 36

home continue to pose a serious fire hazard. The ongoing inaction appears retaliatory in response to prolific whistleblowing, endangering his home, community, and wildlife.

**W) Others Acting in Concert with Law Enforcement, Judges, Or Other State Actors**

57. **Defendant Shannon Wehner/Mother,** in collusion with law enforcement, the court, DA, school, associates and therapists, withheld the child, obstructed court orders, and emotionally manipulated the child to provoke and harass Petitioner/Father. She weaponized the legal system to harass, defame, and extort, while engaging in real estate fraud and religious discrimination. On 8-18-2018, Wehner struck Plaintiff in the head in front of his child; despite recorded audio evidence (**Polidori**), the Breckenridge Police (**Sloan**) filed a report but failed to investigate. Judge (**Owens**), the CFI (**Beck**), the CLR (**Tarrin**), and Building Hope therapists suppressed this direct evidence of domestic violence against Plaintiff and early maternal child abuse. (**Wehner's**) actions caused irreparable damage to the father-son relationship and severe harm to the child, including PTSD, age regression, memory repression, arrested development, anxiety, and eczema.

58. **Defendant John Canada,** live-in boyfriend of the mother, on 8-8-2024, in collusion with law enforcement, SMART, and therapist Landrum, withheld the child, obstructed court orders, and emotionally manipulated the child to provoke and harass Petitioner/Father. Holding a child against his will constitutes felony obstruction of parental orders.

59. **Defendant Sulee Rabin Esq,** mother's long-time associate, drinking companion, and legal counsel, weaponized the legal process to harass, defame, and extort Petitioner/Father, seeking to profit from the mother's fraudulently attained partial ownership in the family home and facilitate the removal of Plaintiff's parental rights. (Rabin's) legal actions caused damage to the father-son relationship and irreparable emotional harm to the child.

**15**

### X) Jurisdictional Statement Regarding Defendants

**60.** At all times relevant to this Complaint, the Defendants acted under color of state law and in their official or personal capacities. Their actions resulted in the deprivation of Plaintiff's constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

**61.** Defendants are sued in their individual and official capacities where applicable.

## IV. FACTUAL BACKGROUND

### A) History of Conspiracy Against Plaintiff's Rights

**62.** On May 9, 2022, Plaintiff reported attempted murder via fiberglass exposure and arsenic poisoning in his well to Breckenridge law enforcement (**Baird, Fitzsimons, Shilling, Scalise**). Instead of investigating, SMART (**Brottman, Palodori, Scalise**) harassed Plaintiff for 4.5 hours before SWAT (**Fitzsimons, Shilling, Bohlender**) arrived, attempting to arrest him for domestic violence without probable cause utilizing lethal force.

**63.** Plaintiff refused arrest, demanding an investigation of the fiberglass, prompting sheriffs to leave and solicit out-of-state family members to file false charges and coerce an Extreme Risk Protection Order (EPRO) from brother in Texas who refused, then out of state aunt in California with no personal knowledge of Plaintiff's personal life. (**Shilling, Scalise**).

**64.** Plaintiff was charged with false reporting and obstruction, while sheriff (**Scalise**) bribed the mother with full custody to withhold child and provoke Plaintiff/Father into reacting.

**65.** After three days of coercion, mother withheld child, the sheriffs procured provoked text messages and falsely arrested Plaintiff for stalking and harassment (**Shilling, Scalise, Hall, and others?**), despite no valid threats or intent, as documented in body-cam footage.

**66.** While in custody, Plaintiff was poisoned with meth-laced food and subjected to electronic torture via a triggered dental implant. A jail nurse entered Plaintiff's cell precisely during excruciating pain, confirming real-time monitoring (**Fitzsimons, DDS Losacco, nurse?**).

**67.** SMART personnel (**Brottman, Palodori, unidentified female officer**) repeatedly gaslit Plaintiff in the interrogation room of the Summit County jail, testing his coded language knowledge with jail's well-worn copy of John Balzar's "*Yukon Alone*" (**Still Withheld**).

**68.** Plaintiff bailed out after 12 days. Only 20 days later (DA **Cava, Shilling, Scalise**) assisted the mother in filing for full custody, fulfilling their bribe of restricting father's rights.

**69.** At trial, Judge (**Romeo**) dismissed all evidence of misconduct and denied Plaintiff's Motion to Dismiss for Malicious Prosecution, calling it a "tort" claim, violating *Brady v. Maryland* and due process. As well as harassed plaintiff with derogatory mental health statements even after a favorable mental health evaluation from Dr. Lawrence PhD.

**70.** DA (**Cava**) forced a competency evaluation, which Plaintiff passed. DA's (**Cava, McCullough**) withheld exculpatory evidence for six months, including:

➤ Jail's copy of "*Yukon Alone*", proving psychological harassment.

➤ Sheriff Body-Cam footage showing no probable cause for SMART, SWAT or false reporting, no cause for and M1 evaluation, no erratic behavior, coercion and bribery of mother, and sheriff department's intent to false arrest and restrict parental rights.

➤ DA's perjured in motions claiming no knowledge Plaintiff's October 2020 evidence disk and complaint for IHC child trafficking, Covid-19 and RICO. (**Still Withheld**)

**71.** DA's (**Cava, McCullough, Pots**) maliciously prosecuted Plaintiff/Father for false reporting, obstruction, stalking, and harassment, coercing him into a domestic violence plea absent any evidence of valid threat or intent to harm, threatening felony prison time.

72. Plaintiff was arrested without a warrant or grand jury indictment, yet Judge (**Romeo**) denied probable cause and motions hearings, and sequestered the court room from media.

73. Years of harassment in Summit County tied to whistleblowing on child trafficking:

   ➢ 2020: SMART harassed Plaintiff after reporting IHC child trafficking to district attorneys. (DAs **Brown, Hunt, McCullough,** sheriffs **Gutzwiller, Brottman**).

   ➢ 5-5-2012 False arrest, police battery and incarceration absent probable cause.

   ➢ 2011: Breckenridge PD (**Detective Cullver**) sent SWAT to intimidate Plaintiff for discussing IHC trafficking publicly in Adam's hair salon with hairdresser Charity.

74. In the custody case, judge (**Thompson**) denied Plaintiff's Malicious Prosecution motion on narrow jurisdiction, which was then DELETED from the record. Judge (**Owens**) refused to reinstate the MTD, and Clerk (**Hershberger**) failed to transmit it to the Court of Appeals.

75. Judge (**Owens**) ignored five favorable mental health evaluations, including Dr. Rice's year of reports exposing therapy bias and recommending the mother's and child's evaluation. Please See **EXHIBIT A - 3.3.25 Dr. Meaghan Rice Psy.D - SGladstone.**

76. Despite 5 favorable mental health evaluations Judge (**Owens**) repeatedly ordered punitive therapy, colluding with biased therapists, harming the father-son relationship to entrap.

77. Building Hope therapists (**Taylor, Landrum, McCoy**) colluded with CLR (**Tarrin**). the mother (**Wehner**), boyfriend (**Canada**), and Breckenridge school staff to emotionally manipulate Plaintiff's son into fearing Plaintiff with fabricated false abuse claims, directly contradictory to Plaintiff's evidence and firsthand direct observations, including the CLR's.

78. Sheriff (**Fitzsimons**) sits on the board of Building Hope a therapeutic monopoly in Summit County, creating a direct conflict of interest the Plaintiff's criminal and custody matters.

79. Building Hope (**Ender**) refused Plaintiff assistance to address biased therapy harming his child. BH is a therapy monopoly in Summit County's and receives significant county funding, over 10% of the annual budget $2,400,000 plus Title IV-D funds and grants. Despite this Summit County has a **very high suicide rate** and **very low academic scores**.

80. Judge (**Owens**), CFI (**Beck**), CLR (**Tarrin**), and officers (**Sloan, Pilodori**) suppressed mother (Wehner's) physical abuse (DV) on Plaintiff/Father and her parental alienation.

81. CLR (**Tarrin**) conspired with the court, the mother (**Wehner**), her boyfriend (**Canada**), her attorney (**Rabin**), school staff (**Westerhoff, Wallace-Seman, Fossett**), therapists (**Taylor, Landrum**), and law enforcement (**Shilling, Atkins, Dearth, Spencer, Chavez**) to obstruct court orders, while withholding the child against his will.

82. Judge (**Owens**) forced Plaintiff into over 150 therapy sessions, despite five favorable highly qualified evaluations and no "*clear and convincing*" evidence of harm to the child.

83. On January 31st, 2025, Judge (**Owens**) escalated restrictions to zero contact, mandating unsafe one-parent therapy with biased Building Hope therapist (**McCoy**) to entrap Plaintiff.

84. Plaintiff sought intervention from Summit County Attorney (**Huntley**) and Commissioners (**Mamula, Pogue, Waters**), who refused to act on Building Hope's therapy monopoly and SMART harassment, despite these programs consuming near 20% of the county's budget.

**A-2) History Of Conspiracy Against Plaintiff's Rights – Constitutional Violations**

**85. First Amendment – Retaliation & Suppression of Speech**

➢ Plaintiff was targeted, harassed, and falsely prosecuted for exposing criminal RICO misconduct, Covid-19 corruption, and International Humanities child trafficking.

➢ Destruction of evidence, denial, and deletion of Plaintiff's Motion to Dismiss for Malicious Prosecutions constitutes retaliation for whistleblowing.

> ➢ Agape Outpost Church (**Atkinson**), DA, and law enforcement colluded to suppress mob attack and assault on Plaintiff and his minor six (6) year old child.

## 86. Fourth Amendment – Unlawful Seizure & Failure to Protect

> ➢ Law enforcement's failure to investigate the violent attack on Plaintiff and his child violated his right to personal security.

> ➢ The forced separation of Plaintiff from his child, and uninvestigated individual assault on Plaintiff constitutes unlawful seizure. Exposing a child to violence is child abuse.

## 87. Fourteenth Amendment – Due Process & Equal Protection Violations

> ➢ **Brady Violation** – DA's destruction and suppression of exculpatory evidence violated Plaintiff's due process rights (*Brady v. Maryland*, 373 U.S. 83 (1963)) & DPPA 2020.

> ➢ Judicial suppression of Plaintiff's filings, arbitrary denials, including the deletion of his MTD for Malicious Prosecution and four Exhibits, obstructed access to the courts.

> ➢ Selective enforcement as authorities ignored a violent bias-motivated attack while using a fabricated narrative to strip Plaintiff/Father's of all his parental rights.

## 88. 42 U.S.C. § 1983 – Deprivation of Rights Under Color of Law

> ➢ Judge (**Owens**), DA's Office, law enforcement, therapists and school conspired to violate Plaintiff's constitutional rights through false allegations, evidence suppression, and fabricated events. Removing child prior to due process is a constitutional violation.

> ➢ The misuse of therapy orders to entrap Plaintiff and restrict parental rights constitutes state-sanctioned abuse of power causing severe harm to the father-son relationship.

## 89. 42 U.S.C. § 1985 – Civil Rights Conspiracy

> ➢ Agape Outpost Church, law enforcement, and court officials conspired to suppress Plaintiff's whistleblowing and deprive him of parental rights.

> ➤ The manipulation of legal records and obstruction of court filings demonstrates a coordinated effort to deny due process.

**90. Eighth Amendment – Abuse of Process & Cruel and Unusual Punishment**

> ➤ The weaponization of the legal system, including evidence destruction, coerced plea deals, and false imprisonment, constitutes abuse of process.

> ➤ The court's refusal to correct procedural violations inflicted unnecessary irreparable harm on Plaintiff and his minor child, violating the Eighth Amendment.

**B) Frisco Bay Marina Bias-Motivated Attack on Plaintiff and Minor Child**

**91.** On **August 25, 2021,** Plaintiff and his son were verbally attacked aboard a Frisco Bay Marina shuttle boat by a (**Jewish**) doctor, leading to their permanent expulsion from the marina. This expulsion from FBM resulted in the loss of Plaintiff's boat slip of four years, following a long pattern of discriminatory actions, including price gouging and the deliberate sinking of his boat (**Hogeman, Shimp**).

**92.** Following the attack, Plaintiff reported the incident to Frisco Police and spoke with officer (**Vail**) for two hours regarding the altercation, COVID-19 misconduct**,** and two prior attempted murders targeting Plaintiff and his child in Breckenridge. Despite Frisco Police Chief (**Wickman**) possessing Plaintiff's COVID-19 evidence, law enforcement refused to file a complaint or take any action against those responsible. Incident tampering (**Scalise**).

**93.** Further compounding the harm the custody judge (**Owens**) later cited this incident in family court to justify additional restrictions on Plaintiff's parental rights, weaponizing the event against him, despite Plaintiff and child being the victims of the bias-motivated attack.

**B-2) Frisco Bay Marina Bias-Motivated Attack - Constitutional Violations**

**94. First Amendment – Retaliation & Suppression of Speech**

➤ Plaintiff was expelled from the marina following verbal attacks related to his views on COVID-19 misconduct, constituting retaliation for protected speech.

➤ Law enforcement's refusal to investigate the incident and additional life-threatening actions suppressed the Plaintiff's right to petition the government for redress.

## 95. Fourteenth Amendment – Due Process & Equal Protection Violations

➤ The Frisco Bay Marina's discriminatory actions, including price gouging and intentional damage to Plaintiff's property, violated equal protection under the law.

➤ Law enforcement's refusal to act on Plaintiff's report while selectively enforcing unrelated incidents against Plaintiff constitutes denial of due process.

➤ Judge **(Owens')** reliance on this bias-motivated attack on Plaintiff in custody court further deprived Plaintiff of his parental rights without just cause, harming the child.

## 96. 42 U.S.C. § 1983 – Deprivation of Rights Under Color of Law

➤ By refusing to investigate the attack and Plaintiff's prior attempted murder reports, law enforcement acted under color of law to suppress Plaintiff's rights.

➤ The use of this bias-motivated attack in custody court further demonstrates state action in depriving Plaintiff and his son of their constitutional protections.

## 97. 42 U.S.C. § 1985 – Civil Rights Conspiracy

➤ The collaboration between Frisco Bay Marina management, law enforcement, and custody court personnel to weaponize this incident against Plaintiff demonstrates a coordinated effort to deprive him and his child of their constitutional rights.

➤ The ongoing pattern of discrimination, selective enforcement, and suppression of Plaintiff's life-threatening legal claims further supports a civil rights conspiracy claim.

## C) Agape Outpost Bias-Motivated Attack & Collusion

Case No. 1:25-cv-00717-RTG    Document 1    filed 03/05/25    USDC Colorado    pg 23
of 36
Gladstone v. Summit County et al.,    CIVIL RIGHTS COMPLAINT    Page 23 of 36

98. On August 29, 2021, Plaintiff and his six-year-old son attended Agape Outpost Church where they had been members for 11 years. Plaintiff peacefully offered USB drives on COVID-19 misconduct.

99. Within five minutes, a mob of 20 male church members attacked Plaintiff while leaving and forcefully separated him from his child. One individual punched Plaintiff twice.

100. Plaintiff maneuvered through the hostile crowd, secured his son and left safely.

101. Plaintiff reported the attack to the Breckenridge Police (**Baird**), Summit County Sheriff (**Fitzsimons**), DA's Office (**Brown, Cava, McCullough**), and Pastor (**Atkinson**), but no investigation was conducted.

102. Instead, Pastor (**Atkinson**) colluded with the mother (**Wehner**) attempting to fabricate allegations against Plaintiff, fueling defamation and suppression of his rights.

103. Law enforcement ignored the mob attack, demonstrating bias and selective enforcement.

104. The custody judge (**Owens**) falsely ruled that Plaintiff had endangered his child, using the attack as a basis to restrict parental rights, despite Plaintiff and child being the victims.

105. Agape Outpost Church conspired with law enforcement and the 5th District court to suppress Plaintiff's free speech, religious freedom, and parental rights.

106. The DA's Office (**Cava, McCullough, Pots**) pursued false allegations against Plaintiff while refusing to investigate a violent bias-motivated attack instigated by Agape Outpost.

107. The court's reliance on this bias-motivated attack to strip Plaintiff/Father's parental rights further exposes collusion between religious actors and government officials in violating due Plaintiff and his child's First Amendment, due process, and equal protection rights.

**C-2) Agape Outpost Bias-Motivated Attack - Constitutional Violations**

    **108. First Amendment – Retaliation & Religious Discrimination**

➢ Plaintiff was attacked and vilified for distributing COVID-19 information.

➢ Agape Outpost partitioners colluded to suppress free speech and religious expression.

➢ Plaintiff was targeted for his beliefs and whistleblowing.

**109. Fourth Amendment – Failure to Protect & Unlawful Seizure**

➢ Law enforcement's failure to investigate deprived Plaintiff of his right to security.

➢ The civil conspiracy mob's forced separation of Plaintiff from his young son, with no state intervention, constitutes unlawful seizure.

**110. Fourteenth Amendment – Due Process & Equal Protection**

➢ Law enforcement ignored a bias-motivated attack while DAs and judges weaponized it in the criminal (**Romeo**) 22CR96 and custody (**Owens**) 22DR29 cases.

➢ The court's fabricated narrative to restrict Plaintiff's rights violated due process.

➢ Collusion between mother (**Wehner**), Agape Outpost (**Atikinson**), law enforcement, DAs and the court deprived Plaintiff and his son of their rights.

**111. 42 U.S.C. § 1985 – Civil Rights Conspiracy**

➢ Agape Outpost, law enforcement, and court officials conspired to retaliate.

➢ Suppression of Plaintiff's and his son's bias-motivated attack church assault incident, and efforts to restrict parental rights constitute a civil rights conspiracy.

**D) Motion to Dismiss for Malicious Prosecution and Abuse of Process**

**112.** On 8-29-2022 Plaintiff filed a **Motion to Dismiss for Malicious Prosecution** in the criminal 22CR96 and custody 24DR29 case based on extensive misconduct by the District Attorney's Office, law enforcement, and the courts, including the destruction of a one-of-a-kind evidence disk, provided in October 2020 regarding the IHC child trafficking complaint and withholding of exculpatory evidence proving Plaintiff's innocence.

**113.** The DA's Office perjured itself in response to Plaintiff's discovery request in the criminal hearing, falsely stating that they had no knowledge of the evidence disk or Plaintiff's complaint, despite Plaintiff providing email correspondence and registered mail proof that the DA's Office and Sheriff's Department had received and possessed the evidence.

**114.** Judge (**Romeo**) DENIED the MTD as a "TORT" acknowledging yet suppressing direct evidence official misconduct, to include attempted murder in custody, DA perjury, undue fraternal influence (*Yukon Alone*), and a clear six-month plus Brady & DPPA violation.

**115.** The **Motion to Dismiss for Malicious Prosecution (MTD)** and four (4) accompanying **Exhibits**, which contained direct evidence of official misconduct, have been DELETED from the court record, though judge (**Thompson's**) one-page denial of the motion remains.

**116.** Despite multiple motions over four months judge (**Owens**) has failed to reinstate the MTD, effectively suppressing the evidence and obstructing Plaintiff's access to justice.

**117.** Court Clerk (**Hershberger**) did not transmit either of the MTDs for Malicious Prosecution or four supporting exhibits from the criminal case (**22CR96**) or custody case (**22DR29**) to the Court of Appeals, obstructing Plaintiff's ability to challenge the misconduct on appeal.

**118.** On **January 30, 2025**, during a hearing, judge (**Owens**) perjured himself on the record by falsely stating, *"It was filed in the other case,"* and *"it's here"* when Plaintiff directly asked about the status of the MTD, even though the motion remains missing from the record.

**119.** These actions constitute a coordinated effort by the DA's Office, judiciary, and court clerk to obstruct Plaintiff's constitutional rights, suppress exculpatory evidence, and manipulate court records to deprive Plaintiff of due process and equal protection.

**120.** Furthering judge (**Romeo's**) retaliation on February 27, 2025 she attempted to pre-decide the Plaintiff's unjust enrichment/partition action, by bifurcationg the two cases she put

together and move forward with a partition case, before allowing Plaintiff to pursue the unjust enrichment claim in front of a jury to prove mother's interest was fraudulently obtained. (**Romeo**) was attempting to sell Plaintiffs home, force him out of Summit County and unjustly enrich the mother, as well as suppress ample 5th district court misconduct.

121. **EXHIBIT X:** 8-29-2022 MTD for Malicious Prosecution and Four (4) Exhibits

122. **EXHIBIT X:** Motion to Dismiss & Motion for Judicial Notice (Owens)

**D-2) Deleting MTD for Malicious Prosecution - Constitutional Violations**

123. **First Amendment – Retaliation & Suppression**

➤ Destroying Plaintiff's MTD constitutes evidence suppression to intentionally cover up official malicious retaliation for whistleblowing to include multiple attempted murders.

➤ The DA's perjury and destruction of evidence violated First Amendment rights.

124. **Fourteenth Amendment – Due Process & Equal Protection**

➤ **Brady -** Destroying exculpatory evidence (*Brady v. Maryland*, 373 U.S. 83 (1963)).

➤ **Suppression of Plaintiff's MTD –** Deletion and refusal to reinstate the MTD for Malicious Prosecution violated due process constituting Fraud On The Court.

➤ **Clerk's Obstruction (Hershberger)** Failure to transmit MTD and its (4) Exbibit to the appeals court constitutes tampering. Furthermore, evidence has been suppressed of direct tampering and collusion between the court and (**Civil Communicator**), as well as other obvious court disruptive actions immediately prior to Plaintiff's parenting time. In addition (**Hershberger**) bias stacked and selectively omitted in the appeal record.

➤ **Judicial Perjury & Bias –** Judge (**Owens'**) perjury on record harms Plaintiff's case.

125. **Fourth & Fourteenth Amendment – Denial of Access to Courts**

➤ Deleted filings, (**30+**) arbitrary denials, and hindering appeals proves misconduct.

➢ Disregard for serious allegations and official misconduct violated equal protection.

**126. 42 U.S.C. § 1985 – Conspiracy to Violate Civil Rights**

➢ DAs (**Cava, McCullough, Pots**), Judges (**Owens, Romeo**) and clerk (**Hershberger**) conspired to obstruct Plaintiff's defense and suppress exculpatory evidence via the manipulation of court records depriving Plaintiff of his constitutional rights.

**127. Eighth Amendment – Abuse of Process & Malicious Prosecution**

➢ Weaponization of the courts through evidence destruction and judicial misconduct.

➢ Violations inflicted unnecessary harm including unlawful arrest, incarceration, loss of parental rights and irreparable harm to the child violating the Eighth Amendment.

**128. EXHIBIT X: MTD for Malicious Prosecution & (4) Exhibits (watermarked)**

## V. HIGHER COLORADO COURT COMPLICITY

**129.** The Colorado Court of Appeals and Supreme Court have repeatedly refused to address fraud on the court, judicial misconduct, and due process violations, shielding judicial actors and suppressing constitutional challenges, to include the denial of a Writ of Mandamus to simply adhere to Colorado Statues, higher court precedents and Constitutional rights.

**130.** By ignoring key evidence and denying meaningful review, they have violated Plaintiff's Fourteenth Amendment rights and deprived him of an impartial forum. Having exhausted state remedies, Plaintiff faces institutional bias and judicial protectionism, making federal intervention necessary to prevent further violations and continuing harm to his minor child.

**131. EXHIBIT X 12-20-2024 Writ of Certiorari**

**132. EXHIBIT X: 12-20-2024 Writ of Mandamus and Prohibition**

**133. EXHIBIT X: Colorado Court of Appeals & Supreme Court Denials.**

## VI. CLAIMS FOR RELIEF

## A) COUNT I – VIOLATION OF THE FOURTEENTH AMENDMENT (Due Process & Equal Protection) – 42 U.S.C. § 1983 (Against All State Actor Defendants, Including Judges, Law Enforcement, and Court-Appointed Professionals)

**134.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**135.** Defendants, acting under color of state law, deprived Plaintiff of his fundamental parental rights prior to and without due process by suppressing exculpatory evidence, fabricating false allegations, and obstructing court-ordered visitation and therapy.

**136.** Defendants denied Plaintiff equal protection under the law by applying discriminatory and biased standards, suppressing evidence of maternal abuse, weaponizing therapy, and imposing unconstitutional restrictions on his parental rights.

**137.** The Defendants' conduct has caused irreparable harm to Plaintiff and his child, violating their constitutional right to familial association and a fair judicial process.

## B) COUNT II – VIOLATION OF THE FIRST AMENDMENT (Retaliation & Viewpoint Discrimination) – 42 U.S.C. § 1983

(Against Defendants Who Targeted Plaintiff's Speech, Beliefs, and Whistleblowing Activities)

**138.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**139.** Defendants retaliated against Plaintiff for exercising his First Amendment rights, including his whistleblowing activities and constitutionally protected beliefs.

**140.** Defendants, including court-appointed professionals, explicitly disparaged Plaintiff for his beliefs and recommended restricting his parental rights based on constitutionally protected free speech, including social media ban, a legal public form, violating his right to assemble.

**141.** Defendants' actions constitute unlawful retaliation and viewpoint discrimination, violating Plaintiff's First Amendment rights and causing tangible harm to his legal standing, parental rights, and personal reputation.

## C) COUNT III – VIOLATION OF THE FOURTH AMENDMENT (UNLAWFUL SEIZURE & GOVERNMENT INTRUSION) – 42 U.S.C. § 1983 (Against Law Enforcement and Court Officials Who Unlawfully Interfered with   Plaintiff's Parental Rights and Property)

**142.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**143.** Defendants seized Plaintiff's parental rights and access to his child without a warrant, prior to due process, through fraudulent court proceedings, perjured testimony, and manipulated therapeutic interventions.

**144.** Law enforcement, acting without probable cause, failed to investigate domestic violence committed by the mother while unlawfully restricting Plaintiff's parental access.

**145.** Defendants are currently engaging in fraudulent real estate proceedings designed to deprive Plaintiff of his home through legal coercion and obstruction of due process.

**146.** These actions constitute an unconstitutional deprivation of Plaintiff's property and parental rights under the Fourth Amendment.

## D) COUNT IV – CONSPIRACY AGAINST CIVIL RIGHTS (42 U.S.C. § 1985) (Against Defendants Who Colluded to Obstruct Justice and Suppress Evidence)

**147.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**148.** Defendants engaged in a coordinated effort to obstruct justice, suppress evidence, and impose unconstitutional restrictions on Plaintiff's rights.

**149.** The collusion between law enforcement, court-appointed professionals, Building Hope therapist, educators, clergy and judicial officers resulted in a fraudulent and retaliatory process designed to strip Plaintiff of his parental rights and community stability.

**150.** Defendants acted with malicious intent to deprive Plaintiff of equal protection under the law, constituting a violation of 42 U.S.C. § 1985 (conspiracy to interfere with civil rights).

## E) COUNT V – FRAUD & ABUSE OF PROCESS

(Against Defendants Who Manipulated Legal Proceedings to Deprive Plaintiff of His Rights)

**151.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**152.** Defendants knowingly submitted false allegations, obstructed court orders, and manipulated legal processes to achieve fraudulent outcomes in the criminal (**22CR96**) custody (**22DR29**) and property disputes (**24CV30108**).

**153.** Defendants, including court-appointed officials, misrepresented material facts to the court, falsified reports, and ignored exculpatory evidence as well as superior expert input to justify unjust rulings against Plaintiff.

**154.** The misuse of judicial and administrative processes caused severe financial, emotional, and reputational harm to Plaintiff, constituting fraud and abuse of process.

## F) COUNT VI – INTENTIONAL INFLICTION OF DISTRESS & ENDANGERMENT

(Against All Defendants Who Knowingly Harmed Plaintiff and His Child Through Systematic Deprivation of Rights)

**155.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

**156.** Defendants' actions—including the suppression of maternal abuse, psychological manipulation of the child, forced separation from his father, and obstruction of court orders, caused irreparable emotional harm to both Plaintiff and his child.

**157.** Defendants knowingly engaged in conduct that exacerbated the child's psychological trauma, leading to PTSD, age regression, memory repression, arrested development, anxiety, depression, and eczema.

**158.** The intentional infliction of severe emotional distress on both Plaintiff and his child constitutes an actionable claim for damages.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

### A. Compensatory Damages for Constitutional Violations ($22,000,000 total)

**158. Retaliation for Whistleblowing, Suppression of Free Speech, Religious Expression, Right to Express Grievances, Right to Assemble - (First Amendment) – $5,000,000**

➤ Damages for retaliation following Plaintiff's reports of IHC child trafficking, COVID-19 misconduct and fraternal RICO activity.

➤ Suppression of Plaintiff's evidence, obstruction of justice, and coordinated efforts to silence his speech and advocacy.

➤ Directly after release from custody Plaintiff's social media shadow banned.

**159. Denial of Due Process & Destruction of Exculpatory Evidence (Fourteenth Amendment – Brady Violations) – $4,500,000**

➤ Compensation for the DA's destruction of critical exculpatory evidence, preventing Plaintiff from mounting a proper defense.

➤ Suppression of legal motions and exhibits, deletion of Plaintiff's filings, and refusal to reinstate evidence needed for fair litigation.

**160. Unlawful Seizure, False Arrest, & Excessive Force (Fourth Amend.) – $4,500,000**

Case No. 1:25-cv-00717-RTG    Document 1    filed 03/05/25    USDC Colorado    pg 32
of 36
Gladstone v. Summit County et al.,    CIVIL RIGHTS COMPLAINT    **Page 32 of 36**

➢ Damages for Plaintiff's wrongful arrest, false imprisonment, use of SMART for psychological harassment and of a SWAT team for without probable cause.

➢ The Sheriff's Office coercing family members and the mother of Plaintiff's child to provoke, harass and fabricate charges.

**161. Denial of Access to the Courts (Fourteenth Amendment – Due Process) – $3,500,000**

➢ Court Clerk's failure to transmit Plaintiff's **Motion to Dismiss for Malicious Prosecution** and four **Exhibits** to the Court of Appeals.

➢ Judicial arbitrary denials and suppression of exculpatory motions and evidence, preventing Plaintiff from obtaining a fair hearing.

**162. Judicial & Prosecutorial Conspiracy to Violate Civil Rights – $2,500,000**

➢ Coordinated efforts by judges, DA's Office, and law enforcement to suppress evidence, fabricate charges, and manipulate court outcomes. (42 U.S.C. § 1985)

➢ The court's selective enforcement and bias against Plaintiff in legal proceedings.

**163. Unlawful Restrictions on Parental Rights & Selective Enforcement of Court Orders (Fourteenth Amendment – Equal Protection) – $2,000,000**

➢ Courts allowing the mother to obstruct court-ordered visitation while aggressively restricting Plaintiff's rights absent clear and convincing evidence of harm.

➢ Failure to evaluate the mother and child while subjecting Plaintiff to extensive, biased, and excessive court-ordered therapy.

## B. Punitive Damages Against Individual Defendants ($10,000,000 total)

**164. Summit County Law Enforcement Officials – $3,000,000**

➢ For unlawful detention, coercion, destruction of evidence, psychological harassment, libel, and suppression of Plaintiff's legal rights.

165. **Summit County District Attorney's Office – $3,000,000**

   ➢ For knowingly engaging in perjury, destroying evidence, false charges, and suppressing Plaintiff's exculpatory filings.

166. **Judge Romeo, Owens & Other Judicial Officials – $2,000,000**

   ➢ For judicial misconduct, perjury on the record, defamation, child abuse, and refusal to reinstate or acknowledge crucial filings and evidence.

167. **Court Clerk & Judicial Administration – $1,000,000**

   ➢ For obstruction of justice by failing to transmit Plaintiff's filings to the Court of Appeals.

168. **Agape Outpost & Other Actors Colluding with Government Officials – $1,000,000**

   ➢ For fabricating allegations, interfering with Plaintiff's First Amendment rights, and colluding to damage his reputation and parental rights.

## C. Equitable Relief

169. **Restoration of Parental Rights Pending New Trial**

   ➢ Plaintiff's parental rights must be reinstated pending a new trial, as prior rulings were tainted by judicial bias, procedural misconduct, and due process violations.

   ➢ **Legal Basis:** *Troxel v. Granville*, 530 U.S. 57 (2000) (Parents have a fundamental right to the care and custody of their children).

170. **Remand to a Neutral Venue & Judge**

   ➢ The custody and unjust enrichment/partition cases must be transferred to a neutral jurisdiction with impartial judges and jury to ensure fair proceedings free from local bias, collusion, conflicts of interest, and judicial misconduct.

171. **Injunction Against Unconstitutional Custody Orders**

> ➢ The no-contact order and all unconstitutional restrictions must be stayed and vacated pending a neutral court's review.

> ➢ Any court-ordered therapy, biased evaluations, and supervised visitation requirements must be suspended until a fair and unbiased hearing is conducted.

**172. Related Requests for Preliminary Injunctive Relief** *(Filed Separately)*

> ➢ Plaintiff has filed separate motions for preliminary injunctions to address ongoing judicial misconduct and prevent irreparable harm while this action is pending. These motions seek:

> ➢ Immediate restoration of child's visitation rights to prevent further irreparable harm to the parent-child relationship, as Plaintiff's parental rights were unlawfully restricted through biased and procedurally defective court rulings.

> ➢ A stay on court-ordered therapy mandates that violate due process, are designed to control and discredit Plaintiff rather than serve the child's best interests, and that have been used as a tool of judicial retaliation to censor and silence.

> ➢ An emergency stay and venue transfer for the partition/unjust enrichment case, as Judge (**Romeo**) is manipulating trial sequencing to force an adverse ruling on partition before Plaintiff's rightful jury trial on unjust enrichment can occur. Plaintiff has been granted and has a constitutional right to a jury trial on ownership, and Judge (**Romeo's**) refusal to allow jury before partition demonstrates intentional bias case-rigging to deprive Plaintiff of his home and shields the court's actions.

**173. Court-Ordered Reinstatement of Deleted Legal Filings**

> ➢ An order requiring the immediate reinstatement of Plaintiff's Motion to Dismiss for Malicious Prosecution and all Exhibits in both criminal and custody cases.

**174. Full Review & Investigation into Judicial, DA & Law Enforcement Misconduct**

- ➢ Appointment of an independent review panel to investigate misconduct within the Summit County Court System, DA's Office, and Law Enforcement agencies.

**175. Restoration of Plaintiff's Parental Rights & Enforcement of Visitation Orders**

- ➢ Immediate and fair enforcement of equal mutually agreed parental time.
- ➢ Independent evaluation of the mother (**Wehner**) and Plaintiff's child by a neutral trauma specialist, not affiliated with Building Hope or local agencies.

**176. Return of Frisco Bay Marina Boat Slip & Compensation for Property Damages**

- ➢ Reinstatement of Plaintiff's boat slip at Frisco Bay Marina, along with restitution for prior economic damages.

**177. Court-Mandated Protective Orders Against Retaliation**

- ➢ An injunction preventing Summit County Officials, Law Enforcement, and Judicial Officers from further retaliation against Plaintiff.

**178. Attorney's Fees & Costs Under 42 U.S.C. § 1988**

- ➢ Compensation for any future legal representation or expert testimony required for Plaintiff's case.

## VII. JURY TRIAL DEMAND

- ➢ **Plaintiff demands a trial by jury on all issues triable by a jury.**

## VIII. CONCLUSION

**179.**     Plaintiff has clearly stated a claim under 42 U.S.C. § 1983, demonstrating that Defendants, including law enforcement, judicial officers, court-appointed professionals, clergy, educators, Building Hope therapists, and private actors, colluded to suppress evidence, obstruct justice, and violate Plaintiff and his child's constitutional rights.

**35**

**180.**    Defendants leveraged a minor child as a weapon to censor, retaliate against, and attempt to destroy Plaintiff, causing irreparable harm to both father and son. In other words, they psychologically tortured a child as retaliation against his father for whistleblowing. Despite their efforts, Plaintiff remains strong, resolute, and fully committed to pursuing justice. Their actions have caused severe psychological trauma to the child and unconstitutional deprivation of parental rights, all in direct violation of the First, Fourth, and Fourteenth Amendments.

**181.**    Plaintiff respectfully requests declaratory, injunctive, and monetary relief to hold Defendants accountable and prevent further abuse of power, and more importantly halt all abuse of Plaintiff's young child, who deserves much better treatment, LOVE and respect from Summit County, Breckenridge and Frisco Colorado, United States of America.

Respectfully Submitted on this 5th day of March 2025 by.

**Stephen Theodore Gladstone**
Plaintiff/Appellant/Father
P.O. Box 6693
Breckenridge, CO 80424
(562) 716-0733
STGladstone@msn.com

*Pursuant to C.R.C.P. Section 1-26(9), a duly signed original is on file in this office and is available for inspection and/or copying upon request.*