# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Stephen Theodore Gladstone,**
Plaintiff,

v.

**Summit County Government, et al.,**
Defendants.

**Civil Action No. 1:25-cv-00717-RTG**
**(Jury Trial Demanded)**

**AMENDED COMPLAINT FOR CIVIL RICO, CONSPIRACY, WHISTLEBLOWER RETALIATION, RELIGIOUS DISCRIMINATION, SECURITIES VIOLATIONS, FRAUD, CHILD ABUSE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, MUNICIPAL LIABILITY, AND CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. §§ 1983, 1985, AND RELATED FEDERAL AND STATE LAWS**

(Filed as: 1:25cv00717-RTG AMENDED COMPLAINT April 11th, 2025)

**Filed by:**
**Stephen Theodore Gladstone**
*Sui Juris, In Propria Persona*
P.O. Box 6693
Breckenridge, CO 80424
(562) 716-0733
STGlastone@msn.com

Case No. 1:25-cv-00717-LTB-RTG   Document 34-2   filed 04/11/25   USDC Colorado
pg 2 of 12

Gladstone v. Summit County et. al.,   A. INTRODUCTION AND RESPONSE   **Page 1 of 11**
1:25cv00717-RTG   F. ANTICIPATED DEFENSES AND REBUTTALS

# TABLE OF CONTENTS
(1:25cv00717-RTG: Amended Complaint)

**1. . U.S. DISTRICT COURT OF COLORADO - COMPLAINT FORM**

**2. "*see attached*" - Defendants**

**3. "B. DEFENDANT(S) INFORMATION"** (Separate Filing)

**4. "D. STATEMENT OF CLAIMS" -** *Supporting Facts***:** (Separate Filing)

**5. "E. REQUEST FOR RELIEF"** (Separate Filing)

**6. "A. "INTRODUCTION AND RESPONSE"** (Attached)………..….. p.1

**7. "F. ANTICIPATED DEFENSES AND REBUTTALS"** (Attached).. p.4

**8. EXHIBIT - G: Todd Davis 3-13-2025 Letter Too RTG (#13)**
(Separate Filing)
**9. EXHIBIT - H:** Unauthorized DA Access Into G.F. DORA/SEC Securities System
(Separate Filing)

**"A. INTRODUCTION AND REPONSE"**
(1:25cv00717- RTG)

## I. AMENDED COMPLAINT – INTRODUCTION

Plaintiff **Stephen Theodore Gladstone**, *Sui Juris*, *In Propria Persona*, respectfully submits this Amended Complaint pursuant to the Court's March 13, 2025 Order (ECF No. 15), and states as follows:

Case No. 1:25-cv-00717-LTB-RTG   Document 34-2   filed 04/11/25   USDC Colorado
pg 3 of 12

Gladstone v. Summit County et. al.,    A. INTRODUCTION AND RESPONSE    **Page 2 of 11**
1:25cv00717-RTG    F. ANTICIPATED DEFENSES AND REBUTTALS

1   This case arises under the Racketeer Influenced and Corrupt Organizations Act
2   (RICO) and other federal statutes, following a systematic campaign of retaliation against
3   Plaintiff, a licensed financial advisor and protected federal whistleblower. The
4   retaliation—executed by state actors, judicial officers, court-appointed professionals, law
5   enforcement, educators, clergy, licensed therapists and Freemasons —was intended to
6   destroy Plaintiff's credibility, silence his disclosures regarding child trafficking, financial
7   fraud, Covid-19 dangers, and government corruption, and sever his relationship with his
8   minor son. The pattern of conduct constitutes ongoing predicate acts under RICO and has
9   now culminated in a federal and state securities violation that places all parties and courts
10  involved under potential regulatory scrutiny.

11

12  **A. Federal Jurisdiction and Securities Violation:**

13  On *April 9th, 2025*, it was discovered that the District Attorney Lauren Crisera
14  unlawfully accessed Plaintiff's DORA-regulated securities system, constituting an
15  unauthorized breach under federal cybersecurity and securities law. This action, in
16  coordination with prior state retaliation, has triggered a required federal securities
17  investigation involving DORA, the SEC, and other regulatory bodies. As of the filing of
18  this Amended Complaint, the 5th Judicial District, the Colorado Court of Appeals, and
19  other associated judicial entities are now implicated in an active securities violation,

Case No. 1:25-cv-00717-LTB-RTG  Document 34-2  filed 04/11/25  USDC Colorado pg 4 of 12

Gladstone v. Summit County et. al., 1:25cv00717-RTG  A. INTRODUCTION AND RESPONSE  F. ANTICIPATED DEFENSES AND REBUTTALS  Page 3 of 11

alongside their documented efforts to suppress whistleblower evidence, manipulate appellate records, and obstruct Plaintiff's access to justice causing harm to his child.

**B. Pattern of Retaliation and Predicate Acts:**

Since *2009*, Plaintiff has made formal disclosures regarding the International Humanities Center (IHC) and LPL Financial associated financial crimes, including RICO violations, donor fraud, and alleged child trafficking. After submitting a forensic disk with corroborating evidence in *October 2020*, Plaintiff became the target of an expansive retaliation campaign involving weaponized therapy, false criminal charges, collusive judicial conduct, and the destruction of critical evidence. These acts were committed with the intent to discredit Plaintiff's whistleblower status and to shield those implicated in trafficking and financial abuse. The result has been irreparable harm to Plaintiff's civil rights, professional reputation, and his minor child's emotional wellbeing.

**C. Purpose of Amended Complaint:**

Plaintiff submits this Amended Complaint not merely in response to the Court's procedural directive, but to fully invoke federal jurisdiction under RICO and related statutes. This Complaint preserves all prior claims and allegations while introducing newly discovered evidence of federal-level misconduct, including the DA's unauthorized intrusion into a regulated financial system. Plaintiff requests that this Court take judicial notice that the matter has now escalated to a federal securities matter, and that jurisdiction

Case No. 1:25-cv-00717-LTB-RTG   Document 34-2   filed 04/11/25   USDC Colorado
pg 5 of 12

Gladstone v. Summit County et. al.,   A. INTRODUCTION AND RESPONSE   **Page 4 of 11**
1:25cv00717-RTG   F. ANTICIPATED DEFENSES AND REBUTTALS

over Plaintiff's family, property, and whistleblower protections has been unlawfully compromised by a coordinated criminal enterprise operating under color of law.

**D. Notice to All Courts and Institutions:**

This filing hereby places the U.S. District Court, Colorado Court of Appeals, 5th Judicial District, 10th Circuit Court, and any other reviewing body on formal notice of an ongoing state and federal investigation into the securities violation committed by agents of the 5th Judicial District, and the broader pattern of misconduct that has endangered Plaintiff and his child. All prior judicial decisions impacted by this misconduct are subject to challenge, and Plaintiff reserves the right to seek criminal and regulatory action.

**E. Exhibits and Compliance:**

Plaintiff incorporates by reference all prior exhibits and motions filed in this action. Should the Court request clarification, re-submission, or supplementation, Plaintiff is prepared to comply immediately. Plaintiff further reserves the right to introduce additional exhibits related to the ongoing federal investigation as new evidence emerges.

## II. RESPONSE TO MARCH 13, 2025, ORDER (ECF No. 15)
(Clarification of Jurisdiction, Procedural Compliance, and Legal Basis for Claims)

1. **Rule 8 Compliance:** Plaintiff's Amended Complaint fully complies with Fed. R. Civ. P. 8. The claims are presented in a concise, well-organized manner with clearly numbered paragraphs and counts. The Amended Complaint eliminates prolixity,

Case No. 1:25-cv-00717-LTB-RTG   Document 34-2   filed 04/11/25   USDC Colorado
pg 6 of 12

Gladstone v. Summit County et. al.,        A. INTRODUCTION AND RESPONSE        **Page 5 of 11**
1:25cv00717-RTG                            F. ANTICIPATED DEFENSES AND REBUTTALS

providing a clear structure while distinctly identifying each Defendant and presenting relevant facts for each claim under the "STATEMENT OF CLAIMS" section.

2. **Nasious Standard Satisfied:** This Amended Complaint satisfies the 10th Circuit's pleading standards under *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158 (10th Cir. 2007). Specifically:

    a) Defendants are clearly identified by name and role;
    b) Relevant dates and timeframes are provided for each incident;
    c) Injury to Plaintiff is described, as well as the rights violated under both constitutional and statutory law.

3. **Unified and Manageable Filing:** The Amended Complaint is organized in a unified format, with an INDEX for "D. STATEMENT OF CLAIMS", and clearly marked sections to aid in the Court's review, as required by local rules. Sections include:

    a) UNITED STATES DISTRICT COURT – CIVIL COMPLAINT FORM
    b) "B. DEFENDANTS INFORMATION"
    c) "D. STATEMENT OF CLAIMS – FACTS"
    d) "E. REQUEST FOR RELIEF"
    e) "A. INTRODUCTION AND RESPONSE"
    f) "F. ANTICIPATED DEFENSES AND REBUTTALS"

4. **Formatting and Local Rule Compliance:** Plaintiff's submission adheres to D.C.COLO.LCivR 10.1. All attachments are formatted in Times New Roman, 13-point font, with proper margins, black ink, and double-spacing.

5. **Subject Matter Jurisdiction:** This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367, as well as 42 U.S.C. §§ 1983, 1985(2)–(3), and 1986,

Case No. 1:25-cv-00717-LTB-RTG  Document 34-2  filed 04/11/25  USDC Colorado
pg 7 of 12

Gladstone v. Summit County et. al.,  A. INTRODUCTION AND RESPONSE  **Page 6 of 11**
1:25cv00717-RTG  F. ANTICIPATED DEFENSES AND REBUTTALS

and 18 U.S.C. § 1964(c). Plaintiff's claims arise from ongoing constitutional violations, civil rights deprivations, and predicate acts under the Racketeer Influenced and Corrupt Organizations Act (RICO), including unauthorized access to a federally regulated securities system and retaliatory obstruction of justice.

The conduct was carried out by public officials, law enforcement, and state-licensed professionals acting under color of law. This action does not seek appellate review of any final state court judgment, but challenges an ongoing pattern of federal rights violations and criminal misconduct during retaliatory legal proceedings.

6. **Younger Abstention Inapplicable:** Plaintiff alleges a pattern of bad faith, retaliatory prosecution, fabricated evidence, and systemic collusion. Under the *extraordinary circumstances* exception to *Younger v. Harris*, 401 U.S. 37 (1971), as discussed in *Phelps v. Hamilton*, 59 F.3d 1058 (10th Cir. 1995), Plaintiff's case qualifies to be heard in federal court.

7. **Rooker-Feldman Doctrine Inapplicable:** Plaintiff does not seek review of a final state court decision. Instead, this case challenges the unlawful actions of state actors that occurred outside the judicial decision-making process, including ongoing violations of Plaintiff's constitutional rights. See *Skinner v. Switzer*, 562 U.S. 521 (2011).

8. **Eleventh Amendment Immunity Not Triggered:** Plaintiff does not sue the State of Colorado but rather seeks injunctive and declaratory relief from county officials and

Case No. 1:25-cv-00717-LTB-RTG  Document 34-2  filed 04/11/25  USDC Colorado pg 8 of 12

Gladstone v. Summit County et. al., 1:25cv00717-RTG  A. INTRODUCTION AND RESPONSE  F. ANTICIPATED DEFENSES AND REBUTTALS  Page 7 of 11

municipal actors. These Defendants are not immune under the Eleventh Amendment when prospective injunctive relief is sought. See *Ex parte Young*, 209 U.S. 123 (1908).

9. **Judicial Immunity Inapplicable to Non-Judicial Acts:** The claims against judicial officers arise from non-judicial acts, such as the deletion of filings, extrajudicial communications, and retaliatory procedural manipulation, none of which are protected by judicial immunity. See *Stump v. Sparkman*, 435 U.S. 349 (1978).

10. **Court-Appointed Professionals Not Immune:** Therapists, CFI, CLR, and court-appointed professionals do not enjoy judicial immunity. Their actions, including biased evaluations and procedural manipulation, were retaliatory, not adjudicative. See *Malik v. Arapahoe Cnty. Dep't of Soc. Servs.*, 191 F.3d 1306 (10th Cir. 1999).

11. **Requested Relief Is Proper:** Plaintiff seeks prospective injunctive relief, declaratory relief, and damages for constitutional torts under 42 U.S.C. §§ 1983 and 1988. All relief sought is consistent with this Court's jurisdiction.

12. **Procedural Requirements Met:** Plaintiff has complied with all required procedural steps, including submission of the Court form, attachment structure, and adherence to formatting rules. There are no defects warranting dismissal.

13. **Premature Denials Ignored Key Evidence:** Plaintiff submitted direct evidence of judicial perjury, procedural fraud, intentional emotional distress to his child, and other misconduct, which was prematurely dismissed by the Court, creating a contradiction with the request to amend of the original Complaint and denial of injunctive relief.

Case No. 1:25-cv-00717-LTB-RTG  Document 34-2  filed 04/11/25  USDC Colorado
pg 9 of 12

Gladstone v. Summit County et. al.,    A. INTRODUCTION AND RESPONSE    **Page 8 of 11**
1:25cv00717-RTG    F. ANTICIPATED DEFENSES AND REBUTTALS

14. **Claims Arise from Ongoing Misconduct:** Plaintiff's claims stem from ongoing acts of retaliation, denial of due process, judicial misconduct, and misuse of psychological mandates. These claims are not based on final orders but on current, ongoing violations.

15. **Younger Exception Standard Met:** Plaintiff has provided ample evidence of bad faith, judicial misconduct, and irreparable harm to his child, fulfilling the standard for the *Younger* exception as outlined in *Phelps* and other related cases.

16. **Structure and Clarity of Claims:** Each Defendant is properly identified by name, role, and specific conduct. The Amended Complaint presents no ambiguity regarding the claims, and all sections are legally supported and factually specific.

17. **No Basis for Dismissal:** There is no legal basis for dismissing the case under Rule 8, *Younger*, *Rooker-Feldman*, or judicial immunity. Plaintiff has adhered to all procedural and legal requirements, and this case should proceed on the merits.

18. **Denial of Meaningful Review:** Plaintiff has exhausted all proper avenues of judicial review at the Court of Appeals, Colorado Supreme Court, 10th Circuit Court of Appeals, and State Senate Judiciary Committee—only to be met with obstruction of justice and arbitrary denials, disregarding the rule of law, his child's safety, property rights, and right to a fair tribunal. With 29 years of professional forensic fraud experience on Wall Street, Plaintiff respectfully asserts that the Colorado Judicial system is the most corrupt institution he has ever experienced or examined. The Colorado judiciary does not protect the public—it protects organized state corruption.

Case No. 1:25-cv-00717-LTB-RTG   Document 34-2   filed 04/11/25   USDC Colorado
pg 10 of 12

Gladstone v. Summit County et. al.,   A. INTRODUCTION AND RESPONSE   **Page 9 of 11**
1:25cv00717-RTG                        F. ANTICIPATED DEFENSES AND REBUTTALS

# "F. ANTICIPATED DEFENSES AND REBUTTALS"
(1:25cv00717- RTG)

Plaintiff, Stephen Theodore Gladstone, *Sui Juris, In Propria Persona*, anticipates that Defendants will assert several legal defenses, including judicial immunity, qualified immunity, *Rooker-Feldman* abstention, *Younger* abstention, and failure to state a claim. Plaintiff addresses and rebuts each of these anticipated defenses below.

1. **Judicial Immunity – Rebutted:** Judicial immunity does not apply when judicial officers act outside the scope of their jurisdiction or engage in administrative or non-judicial actions, including fraud, retaliation, and misconduct. Plaintiff has alleged that Judges Romeo and Owens engaged in non-judicial conduct, including suppression of evidence, retaliation, and conspiring with non-judicial actors, which removes their conduct from the protective shield of judicial immunity. See *Stump v. Sparkman*, 435 U.S. 349 (1978); *Dennis v. Sparks*, 449 U.S. 24 (1980).

2. **Qualified Immunity – Rebutted:** Qualified immunity does not protect government agents who violate clearly established constitutional rights. Plaintiff asserts that the rights to due process, free speech, equal protection, and familial association are well-established, and the Defendants' actions in this case represent deliberate violations of those rights. Furthermore, under Colorado law, qualified immunity is no longer available as a defense for law enforcement officers in state law claims due to the

enactment of the "*Enhance Law Enforcement Integrity Act*" (SB20-217), which became effective in June 2020. Plaintiff maintains that the claims against law enforcement officers are not barred by qualified immunity and must be adjudicated on their merits.

3. **Rooker-Feldman Doctrine – Rebutted:** Plaintiff is not seeking federal review of any state court judgments. Instead, this action arises from independent constitutional violations, including fraud, retaliation, and child exploitation, which are distinct from any state court decisions. As such, Plaintiff's claims fall outside the scope of the *Rooker-Feldman* doctrine. See *Skinner v. Switzer*, 562 U.S. 521 (2011).

4. **Younger Abstention – Rebutted:** *Younger* abstention does not apply in this case because Plaintiff is seeking redress for completed proceedings and constitutional violations that are not subject to ongoing state review. Additionally, the exceptions to *Younger* apply, as the state proceedings were conducted in bad faith, with harassment, and without an adequate opportunity to raise constitutional challenges. See *Phelps v. Hamilton*, 59 F.3d 1058 (10th Cir. 1995).

5. **Failure to State a Claim – Rebutted:** Plaintiff has sufficiently pled violations of multiple constitutional provisions and statutory protections, supported by detailed factual allegations and a clear causal connection between Defendants' actions and the harm Plaintiff suffered. This complaint meets and exceeds the pleading requirements set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Case No. 1:25-cv-00717-LTB-RTG  Document 34-2  filed 04/11/25  USDC Colorado
pg 12 of 12

Gladstone v. Summit County et. al.,    A. INTRODUCTION AND RESPONSE    **Page 11 of 11**
1:25cv00717-RTG    F. ANTICIPATED DEFENSES AND REBUTTALS

6. **Judicial Economy and Federalism – Rebutted:** Plaintiff is not asking this Court to interfere in state proceedings, but rather to intervene where state actors and institutions have failed in their constitutional duties and acted with malice and corruption. Federal courts are obligated to ensure that basic civil liberties are protected, and that redress is available when the state system fails to uphold those protections.

7. **Plaintiff's Soundness of Mind and Psychological Credibility – Rebutted:** Plaintiff has undergone five favorable mental health evaluations conducted by qualified professionals, including Dr. Jason Lawrence (Competence), Dr. Meaghan Rice (15 months), Dr. James Sharon (8 months), Andrea Brown (12 months), and Andrew Harris. Additionally, Plaintiff has participated in over 150 therapy sessions with no adverse findings. Despite repeated efforts by Defendants to undermine Plaintiff's credibility through false mental health narratives, no credible basis exists for such claims. Plaintiff remains fully prepared to defend all allegations, including those concerning systemic institutional corruption, coded communications, and esoteric misconduct, drawing from specific insight based on his familial background, education, and independent research. These claims are substantiated by testimonial and documentary evidence, as well as repeatable scientific principles.

*Stephen Gladstone*

_____
Stephen Theodore Gladstone
Petitioner
*Sui Juris, In Propria Persona*